**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30374 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-00012-EJL-1 |
| v. | |
| MONTE G. HOFFMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted May 18, 2017
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and LEMELLE,[**] District Judge.

Monte Hoffman ("Hoffman") appeals from his conviction of possession with

intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B) as well as destruction of government property in violation of 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Ivan L.R. Lemelle, United States District Judge for the
Eastern District of Louisiana, sitting by designation.

§ 1361. On appeal, Hoffman only challenges the denial of his pre-trial motion to suppress evidence. He contends that Trooper Edgley ("Edgley") of the Idaho State Police violated his Fourth Amendment rights by unconstitutionally prolonging his traffic stop without reasonable suspicion to do so. Edgley stopped Hoffman for a traffic violation, which ultimately led to the discovery of methamphetamine on Hoffman's person. After the district court denied Hoffman's motion, he proceeded to trial, and, as noted earlier, was found guilty of possession with intent to distribute five grams or more of methamphetamine, and destruction of government property.

Neither the district court nor the parties had the benefit of the Supreme Court's decision in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), nor our decision in *United States v. Evans*, 786 F.3d 779 (2015), applying *Rodriguez*, when the court heard arguments and ruled on Hoffman's motion. As a result, we vacate the judgment and sentence and remand to the district court for the purpose of reconsidering Hoffman's suppression motion in light of the intervening case law. On remand, the parties may file supplemental briefs, and the district court may take additional evidence if warranted. After the district court issues a new ruling as contemplated by Rule 12(d) of the Federal Rules of Criminal Procedure, the court

shall take whatever action it deems appropriate with regard to the sentence and judgment. We express no views on any of the issues raised in Hoffman's suppression motion and all of the Fourth Amendment issues addressed in the motion may be raised in any subsequent appeal.

**VACATED and REMANDED.**